# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, | |
| Plaintiff, | Case No.: 22-cv-5583 |
| v. | |
| MAESTRO  CONTRACTING INCORPORATED, SALAMON'S HOME IMPROVEMENT, INC., and PATRICIO NAJERA ALTAMIRANO, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| Defendants. | |

Plaintiff Evanston Insurance Company ("Evanston"), by and through its counsel, Hinshaw & Culbertson LLP, brings this Complaint for Declaratory Judgment against Defendants and alleges as follows:

1.     Evanston brings this action for a declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.*, to obtain a declaration regarding its obligation to defend and indemnify Defendants Maestro Contracting Incorporated ("Maestro") and Salamon's Home Improvement, Inc. ("Salamon's") in connection with claims asserted in the a personal injury lawsuit, captioned as Patricio Najera Altamirano v. Yakov Bruer, Yossi Walter, Salamon's Home Improvements, Inc. and Valley Framers LLC, and a related third-party action captioned as Salamon's Home Improvements, Inc. v. Maestro Contracting Incorporated, which is pending in the Supreme Court of New York, Rockland County, Index. No. 033818/2020 (the "Underlying Action"). A copy of the Complaint filed by Patricio Najera Altamirano in the Underlying Action is attached hereto as **Exhibit 1**, and a copy of the third-party complaint filed by Salamon's in the Underlying Action is attached hereto as **Exhibit 2**.

## PARTIES, JURISDICTION, AND VENUE

2.      Evanston is an Illinois corporation, with its principal place of business in Illinois, and an insurer that is authorized to do business in the State of New Jersey.

3.      Evanston is domiciled and a citizen of Illinois.

4.      Maestro is a New Jersey corporation, with its principal place of business in New Jersey.

5.      Maestro is domiciled in and a citizen of New Jersey.

6.      Salamon's is a New York corporation, with its principal place of business in New York.

7.      Salamon's is domiciled in and a citizen of New York.

8.      Upon information and belief, Patricio Najera Altamirano is a natural person who is domiciled in, and a citizen of, New York.

9.      As the plaintiff in the Underlying Action, Patricio Najera Altamirano is a potentially interested party that may be affected by the declarations sought by the within action. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii).

10.     As the plaintiff in the Underlying Action, Patricio Najera Altamirano likely has an interest in the outcome of this matter and, therefore, should be bound by any rulings entered in this matter to avoid duplicative litigations, or otherwise inconsistent rulings.

11.     There exists an actual and justiciable controversy between and among the parties concerning their respective rights and obligations under a certain policy of insurance with respect to the Underlying Action, pursuant to 28 U.S.C. § 2201.

12.     The Underlying Action seeks recovery of damages for significant and serious personal injuries to Patricio Najera Altamirano. **Exhibit 1 at ¶¶97, 101-102**.

13.     This Court possesses jurisdiction over this action under 28 U.S.C. § 1332 because Plaintiff Evanston and the Defendants are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of fees and costs, in connection with defense and indemnification of the Underlying Action.

14.     Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Evanston's claim occurred in this judicial district within the State of New Jersey, and one or more parties reside, maintain registered offices and/or conduct business in this district.

## FACTUAL BACKGROUND

### A.     The Underlying Action

15.     On August 24, 2020, Plaintiff, Patricio Najera Altamirano filed a complaint against, *inter alia*, Salamon's in the Supreme Court of New York, Rockland County, Index. No. 033818/2020. *See* **Exhibit 1.**

16.     In the Underlying Action, on July 15, 2021, Salamon's commenced a third-party action against Maestro. *See* **Exhibit 2**.

17.     Patricio Najera Altamirano alleges that Salamon's was the general contractor for construction at the Premises. **Exhibit 1 at ¶66-67.**

18.     Salamon's alleges that it contracted with Maestro to provide supply, materials, equipment, labor and/or to perform work and/or services at the Premises. **Exhibit 2 at ¶10.**

19.     Salamon's provided an unsigned contract between it and Maestro.

20.     Salamon's alleges that Maestro in turn subcontracted with Maldonado Group Inc. ("Maldonado"). **Exhibit 2 at ¶8.**

21.     Patricio Najera Altamirano alleges that Maldonado was a contractor at the Premises. **Exhibit 1 at ¶95.**

22. Patricio Najera Altamirano alleges that on March 30, 2020, he was employed by Maldonado at the Premises. **Exhibit 1 at ¶96**.

23. Patricio Najera Altamirano alleges he was injured in an accident that took place on March 30, 2020 at the Premises. **Exhibit 1 at ¶97**.

24. Patricio Najera Altamirano alleges that his injuries as a result of the accident were caused solely by and through the negligence of Salamon's. **Exhibit 1 at ¶98**.

25. Salamon's alleges that Maestro has a common law and contractual duty to indemnify Salamon's for the Underlying Action because if Patricio Najera Altamirano sustained injuries or damages as he alleges, he sustained those injuries or damages by reason of the culpable conduct, or act or omission of Maestro. **Exhibit 2 at ¶¶9-15**.

26. Salamon's alleges that it is entitled to contribution pursuant to New York law from Maestro because the damages sought by Patricio Najera Altamirano were caused in whole or in part by the carelessness, recklessness, negligence or affirmative acts of omission or commission of Maestro, its agents, servants, employees and/or vendors. **Exhibit 2 at ¶¶16-19**.

27. Salamon's further alleges that it has been damaged because Maestro breached its contract with Salamon's by failing to name Salamon's as an additional insured on Maestro's commercial general liability and excess or umbrella policy. **Exhibit 2 at ¶¶20-25**.

28. Maestro is providing workers' compensation benefits to Patricio Najera Altamirano in connection with the alleged injuries he sustained as a result of the accident that took place on March 30, 2020 at the Premises.

29. The court in the Underlying Action entered default judgment against Maestro and in favour of Salamon's by decision and order dated May 31, 2022.  A true and correct copy of the default judgment is annexed hereto as **Exhibit 3**.

B.     **The Evanston Policy**

30.     Evanston issued a general liability policy of insurance to Maestro, in effect from June 5, 2019 to June 5, 2020, bearing Policy Number 3AA#### (the "Evanston Policy").

31.     Subject to all terms, exclusions, conditions and definitions, the Evanston Policy affords coverage under Coverage Part A to an "insured" for "bodily injury" during the policy period caused by an "occurrence".

32.     The Evanston Policy provides that "the word 'insured' means any person or organization qualifying as such under Section **II** – Who Is An Insured."

33.     In "Section **II** – Who is an Insured", the Evanston Policy provides, *inter alia*, that "If you are designated in the Declarations as . . . An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders."

34.     Maestro is the Named Insured designated in the Declarations to Evanston Policy.

35.     The Evanston Policy contains a Blanket Additional Insured endorsement, which provides as follows:

**BLANKET ADDITIONAL INSURED**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM
LIQUOR LIABILITY COVERAGE FORM
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM

*         *         *

Please refer to each Coverage Form to determine which terms are defined. Words shown in quotations on this endorsement may or may not be defined in all Coverage Forms.

**A.** Who Is An Insured is amended to include as an additional insured any person or entity to whom you are required by valid written contract or agreement to provide such coverage, but only with respect to "bodily injury", "property damage" (including "bodily injury and "property damage" included in the "products-completed operations hazard"), and "personal and advertising injury" caused, in whole or in part, by the negligent acts or omissions of the Named Insured and only with respect to any coverage not otherwise excluded in the policy.

However:

**1.** The insurance afforded to such additional insured only applies to the extent permitted by law; and

**2.** The insurance afforded to such additional insured will not be broader than that which you are required by the valid written contract or agreement or the contract or agreement in total.

Our agreement to accept an additional insured provision in a valid written contract or agreement is not an acceptance of any other provisions of such contract or agreement or the contract or agreement in total.

When coverage does not apply for the Named Insured, no coverage or defense will apply for the additional insured.

No coverage applies to such additional insured for injury or damage of any type to any "employee" of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury or damage.

**B.** With respect to the insurance afforded to these additional insured, the following is added to the limits of insurance:

The most we will pay on behalf of the additional insured is the amount of insurance:

**1.** Required by the valid written contract or agreement; or

**2.** Available under the applicable limits of insurance shown in the Declarations;

whichever is less.

This endorsement shall not increase the applicable limits of insurance shown in the Declarations.

All other terms and conditions remain unchanged.

36.    The Evanston Policy also contains an **EXCLUSION – EMPLOYER'S LIABILITY AND BODILY INJURY TO CONTRACTORS OR SUBCONTRACTORS – MEGL 1637 05 17** (the "Bodily Injury to Contractors or Subcontractors Exclusion"), added by endorsement, which provides as follows:

### EXCLUSION – EMPLOYER'S LIABILITY AND BODILY INJURY TO CONTRACTORS OR SUBCONTRACTORS – MEGL 1637 05 17

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM**

**A.** The **Employer's Liability** exclusion under Bodily Injury And Property Damage Liability is replaced by the following:

This insurance does not apply to:

**Employer's Liability**

"Bodily injury" to:

**(1)** An "employee", "volunteer worker" or "temporary worker" of the insured arising out of and in the course of:

    **(a)** Employment by the insured; or

    **(b)** Performing duties related to the conduct of the insured's business;

**(2)** Any other person who performs labor in any capacity for or on behalf of any insured, with or without any form of compensation; or

**(3)** The spouse, partner, child, parent, brother, sister or any other relative of any person described in Paragraph **(1)** or **(2)** above as a consequence of Paragraph **(1)** or **(2)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion applies to any liability assumed under an "insured contract".

**B.** The following exclusion is added to Bodily Injury And Property Damage Liability:
This insurance does not apply to:

**Bodily Injury To Contractors Or Subcontractors**

"Bodily injury" to any:

**(1)** Contractor or subcontractor while working on behalf of any insured;

**(2)** Employee, volunteer worker, leased worker or temporary worker of such contractor or subcontractor indicated in Paragraph **(1)** above;

**(3)** Additional subcontractor, including the employees, volunteer workers, leased workers or temporary workers of such contractor or subcontractor indicated in Paragraph **(1)** above; or

**(4)** Any other person who performs labor in any capacity for or on behalf of any person indicated in Paragraph **(1)**, **(2)** or **(3)** above, with or without any form of compensation.

This exclusion applies:

**(a)** Even if the claim against any insured alleges negligence or other wrongdoing in the:

    **(i)** Selection, hiring or contracting;
    **(ii)** Investigation;
    **(iii)** Supervision or monitoring;
    **(iv)** Training; or
    **(v)** Retention of any contractor or subcontractor for whom any insured is or was legally responsible and whose acts or omissions would be excluded by Paragraph **(1)**, **(2)**, **(3)** or **(4)** above.

**(b)** Whether the insured may be liable as an employer or in any other capacity;

**(c)** To any obligation to share damages with or repay someone else who must pay damages because of the injury; and

**(d)** To liability assumed by the insured under an "insured contract".

37.     The   Evanston   Policy   also   contains   a   **COMBINATION   GENERAL ENDORSEMENT** that states in relevant part:

### COMBINATION GENERAL ENDORSEMENT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**A.** Paragraph **2.** Exclusions of Section **I** – Coverage **A** – Bodily Injury And Property Damage Liability and Coverage B – Personal And Advertising Injury Liability are revised as follows:

  **1**. The following Exclusion:

        **a**. Is added to Coverage **A**; and

        **b**. Replaces the Breach of Contract exclusion in Coverage **B**:

        This insurance does not apply to:

        **Breach of Contract**

        Claims arising out of breach of contract, whether written or oral, express or implied, implied-in-law, or implied-in-fact contract.

38.     The Evanston Policy also contains a **LIMITATION – CONTRACTOR OR SUBCONTRACTOR MANAGEMENT** endorsement that states in relevant part:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY FORM

**SCHEDULE**

| | |
|---|---|
| Minimum General Aggregate Limit (Other than Products/Completed Operations): | $2,000,000 |
| Minimum Products/Completed Operations Aggregate Limit: | $2,000,000 |
| Minimum Each Occurrence Limit: | $1,000,000 |

**A.** The following is added to Section **IV** – Commercial General Liability Conditions:

**Contractor Or Subcontractor Management**

Prior to the commencement of any work performed for or on behalf of the insured by a contractor or subcontractor, the insured must require, secure and maintain a certificate of insurance that confirms that the contractor or subcontractor:

**a.** Carries Commercial General Liability coverage with limits that are equal to or greater than the limits shown in the Schedule above; and

**b.** Names you as an additional insured on such coverage. If no limits are shown in the Schedule above, then the limits carried by the contractor or subcontractor must be equal to or greater than the limits shown in the Declarations of this Coverage Form.

If no limits are shown in the Schedule above, then the limits carried by the contractor or subcontractor must be equal to or greater than the limits shown in the Declarations of this Coverage Form.

**B.** If all of the conditions of the Contractor Or Subcontractor Management condition are not met or the insured fails to provide proof of compliance with such conditions at the time of an "occurrence" or offense involving the work performed by a contractor or subcontractor for or on behalf of the insured, then subject to the General Aggregate Limit or Products/Completed Operations Aggregate Limit, whichever applies, $50,000 is the most we will pay for the sum of all:

**1.** Damages under Coverage **A**;

**2.** Damages under Coverage **B**;

**3.** Medical Expenses under Coverage **C**;

**4.** Loss adjustment expenses;

**5.** Supplementary payments; and

**6.** Defense costs;

because of all "bodily injury" and "property damage" arising out of the "occurrence", or "personal and advertising   injury" arising out of the offense, involving the work performed by the contractor or subcontractor for or on behalf of the insured. Once this $50,000 limit is exhausted, we are no longer obligated to defend or indemnify any insured for such "occurrence" or offense.

All other terms and conditions remain unchanged.

C.    **Evanston's Coverage Position**

39.     The Third-Party Complaint was tendered by counsel for Salamon's seeking additional insured coverage.

40.     Evanston attempted to reach the named insured Maestro through its principal Julio Maldonado on numerous occasions and never received a response.

41.     Maestro never tendered a claim for coverage for the Underlying Action.

42.     On August 26, 2021, in response to the tender by counsel for Salamon's, Evanston issued a disclaimer of coverage letter to Maestro and Salamon's as to the Underlying Action because the Employer's Liability and Bodily Injury to Contractors or Subcontractors Exclusion Policy precludes coverage for bodily injury to an employee of a subcontractor or additional subcontractor working for any insured, i.e., Maestro.

43.     In the August 26, 2021 letter, Evanston also disclaimed coverage for Salamon's for the Underlying Action because Evanston was provided with an unsigned and incomplete contract and, therefore, it did not receive a valid written contract as required by the Additional Insured endorsement.

44.     In the August 26, 2021 letter, Evanston also disclaimed coverage for Salamon's for the Underlying Action because the Additional Insured endorsement expressly states that if there is no coverage for the named insured then there is no coverage for the additional insured. Therefore, because the Employer's Liability and Bodily Injury to Contractors or Subcontractors Exclusion precludes coverage for Maestro there is also no coverage for Salamon's as an additional insured under the Evanston Policy.

45.     Evanston's August 26, 2021 letter included a reservation of rights as to the exclusion for Contractual Liability, the exclusion for Workers' Compensation, the exclusion for

Employer's Liability, the Breach of Contract exclusion in the Combination General Endorsement

Limitation, and the New Residential Work Limitation endorsement.

## COUNT ONE

**REQUEST FOR DECLARATORY JUDGMENT THAT THE EVANSTON HAS NO OBLIGATION TO DEFEND OR INDEMNIFY MAESTRO BECAUSE IT NEVER TENDERED THE THIRD PARTY COMPLAINT AND FAILED TO COOPERATE WITH EVANSTON**

46.     Evanston repeats and re-alleges each of the preceding paragraphs numbered 1

through 45 as if set forth at length herein.

47.     The Evanston Policy provides that if a claim is made or a "suit" is brought against

any insured, the named insured must (1) immediately record the specifics of the claim or "suit"

and the date received; and (2) notify Evanston as soon as practicable. The Named insured "must

see to it that we receive written notice of the claim or 'suit' as soon as practicable."

48.     The Evanston Policy further provides that the named insured must "cooperate with

us in the investigation or settlement of the claim or defense against the 'suit.'"

49.     Maestro never tendered the Third-Party Complaint to Evanston for coverage and,

therefore, is not entitled to coverage under the Evanston Policy.

50.     Maestro failed to cooperate with Evanston by never providing it with copies of the

pleadings filed against it and failing to respond to Evanston's request for information in the

investigation of the claims in the Underlying Action and Third Party complaint.

51.     Evanston is entitled to a declaration that it has no obligation to defend or indemnify

Maestro in connection with the Underlying Action for Patricio Najera Altamirano's injuries.

52.     Evanston is entitled to a declaration that it has no obligation to defend or indemnify

Maestro in the Underlying Action because Maestro never tendered nor sought a defense from

Evanston in connection therewith.

53.     Evanston is entitled to a declaration that it has no obligation to defend or indemnify Maestro in the Underlying Action because when it learned about the Underlying Action, Maestro failed to cooperate with Evanston in its investigation and failed to send it any pleadings filed in the Underlying Action.

54.     There is a real, substantial, and justiciable issue in controversy between the parties hereto with respect to the availability of coverage under the Evanston Policy for the claims asserted in the Underlying Action.

55.     A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate at this time because Evanston has no other adequate remedy at law which will resolve the current controversy.

**WHEREFORE**, Plaintiff Evanston Insurance Company respectfully requests a declaration that:

A.     Evanston has no obligation to defend Maestro in the Underlying Action;

B.     Evanston has no obligation to indemnify Maestro in connection with the Underlying Action;

C.     Evanston has no obligation to defend or indemnify Maestro in connection with the Underlying Action; and

D.     For such other relief as is just and equitable herein.

## COUNT TWO

**REQUEST FOR DECLARATORY JUDGMENT THAT THE EMPLOYER'S LIABILITY AND BODILY INJURY TO CONTRACTORS OR SUBCONTRACTORS EXCLUSION PRECLUDES COVERAGE TO MAESTRO FOR THE UNDERLYING ACTION**

56.     Evanston repeats and re-alleges each of the preceding paragraphs numbered 1 through 45 as if set forth at length herein.

57.     At the time of the injury alleged by Patricio Najera Altamirano in the Underlying Action, Patricio Najera Altamirano was working for Maestro and performing labor for Maestro at the Premises at the time of the accident.

58.     The Employer's Liability and Bodily Injury to Contractors or Subcontractors Exclusion contained in the Evanston Policy precludes coverage for "bodily injury" to  "**(1)** An 'employee', 'volunteer worker' or 'temporary worker' of the insured arising out of and in the course of: **(a)** Employment by the insured; or **(b)** Performing duties related to the conduct of the insured's business; **(2)** Any other person who performs labor in any capacity for or on behalf of any insured, with or without any form of compensation."

59.     The Employer's Liability and Bodily Injury to Contractors or Subcontractors Exclusion precludes coverage for the Underlying Action because Patricio Najera Altamirano's alleged injuries arises out of and in the course of his employment by Maestro and/or performing duties related Maestro's business.

60.     At the time of the injury alleged by Patricio Najera Altamirano in the Underlying Action, Patricio Najera Altamirano was working for Maldonado and performing labor for Maldonado at the Premises at the time of the accident.

61.     At the time of the injury alleged by Patricio Najera Altamirano in the Underlying Action, Maldonado was a contractor or subcontractor of Maestro.

62.     The Employer's Liability and Bodily Injury to Contractors or Subcontractors Exclusion contained in the Evanston Policy precludes coverage "'Bodily injury' to any **(1)** Contractor or subcontractor while working on behalf of any insured; **(2)** Employee, volunteer worker, leased worker or temporary worker of such contractor or subcontractor indicated in Paragraph **(1)** above; **(3)** Additional subcontractor, including the employees, volunteer workers,

leased workers or temporary workers of such contractor or subcontractor indicated in Paragraph **(1)** above; or **(4)** Any other person who performs labor in any capacity for or on behalf of any person indicated in Paragraph **(1)**, **(2)** or **(3)** above, with or without any form of compensation."

63.     The Employer's Liability and Bodily Injury to Contractors or Subcontractors Exclusion precludes coverage for the Underlying Action because Patricio Najera Altamirano was an employee of Maldonado at the time of the accident, and Maldonado was a contractor and/or subcontractor of Maestro and working on behalf of Maestro.

64.     Evanston is entitled to a declaration that coverage is fully precluded for Maestro based on the Employer's Liability and Bodily Injury to Contractors or Subcontractors Exclusion.

65.     As such, Evanston is entitled to a declaration that it has no obligation to defend Maestro in connection with the Underlying Action based on the Employer's Liability and Bodily Injury to Contractors or Subcontractors Exclusion.

66.     Evanston is entitled to a declaration that it has no obligation to indemnify Maestro in connection with the Underlying Action for Patricio Najera Altamirano's injuries.

67.     There is a real, substantial, and justiciable issue in controversy between the parties hereto with respect to the availability of coverage under the Evanston Policy for the claims asserted in the Underlying Action.

68.     A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate at this time because Evanston has no other adequate remedy at law which will resolve the current controversy.

**WHEREFORE**, Plaintiff Evanston Insurance Company respectfully requests a declaration that:

A.    The Employers Liability and Bodily Injury to Contractors and Subcontractors Exclusion fully precludes coverage for the Underlying Action and Patricio Najera Altamirano's injuries;

B.    Evanston has no obligation to defend Maestro in the Underlying Action;

C.    Evanston has no obligation to indemnify Maestro in connection with the Underlying Action;

D.    Evanston has no obligation to defend or indemnify Maestro in connection with the Underlying Action; and

E.    For such other relief as is just and equitable herein.

<u>COUNT THREE</u>

**REQUEST FOR DECLARATORY JUDGMENT THAT THE CONTRACTUAL LIABILITY EXCLUSION IN THE COMBINATION GENERAL ENDORSEMENT PRECLUDES COVERAGE TO MAESTRO FOR THE UNDERLYING ACTION**

69.    Evanston repeats and re-alleges each of the preceding paragraphs numbered 1 through 45 as if set forth at length herein.

70.    Count Three of Salamon's claims against Maestro in the Underlying Action arise out of Maestro's alleged breach of its purported contract with Salamon's.

71.    The allegations regarding its failure to procure insurance are not claims covered under the policy.

72.    While all of the allegations of the Third-Party Complaint are precluded by the Employer's Liability and Bodily Injury to Contractors or Subcontractors Exclusion, allegations in Count Three are precluded by the Policy's breach of contract exclusion in the Policy.

73.    Specifically, pursuant to the terms of the Combination General Endorsement, the Evanston Policy excludes coverage for claims arising out of breach of contract, whether written or oral, express or implied, implied-in-law, or implied-in-fact contract.

74.     The Contractual Liability exclusion in the Combination General Endorsement precludes coverage for the Underlying Action to the extent those claims arise out of Maestro's alleged breach of its purported contract with Salamon's.

75.     As such, Evanston is entitled to a declaration that it has no obligation to defend Maestro in connection with the Underlying Action to the extent the claims against Maestro arise out of its alleged breach of its purported contract with Salamon's.

76.     Evanston is entitled to a declaration that it has no obligation to indemnify Maestro in connection with the Underlying Action to the extent the claims against Maestro arise out of its alleged breach of its purported contract with Salamon's.

77.     There is a real, substantial, and justiciable issue in controversy between the parties hereto with respect to the availability of coverage under the Evanston Policy for the claims asserted in the Underlying Action.

78.     A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate at this time because Evanston has no other adequate remedy at law which will resolve the current controversy.

**WHEREFORE**, Plaintiff Evanston Insurance Company respectfully requests a declaration that:

A.     The Contractual Liability exclusion in the Combination General Endorsement fully precludes coverage of Maestro for the Underlying Action to the extent the claims against Maestro arise out of its alleged breach of its purported contract with Salamon's;

B.     Evanston has no obligation to defend Maestro in the Underlying Action to the extent the claims against Maestro arise out of its alleged breach of its purported contract with Salamon's;

C.     Evanston has no obligation to indemnify Maestro in connection with the Underlying Action to the extent the claims against Maestro arise out of its alleged breach of its purported contract with Salamon's;

D.      Evanston has no obligation to defend or indemnify Maestro in connection with the Underlying Action to the extent the claims against Maestro arise out of its alleged breach of its purported contract with Salamon's; and

E.      For such other relief as is just and equitable herein.

## COUNT FOUR

**REQUEST FOR DECLARATORY JUDGMENT THAT SALAMON'S IS NOT ENTITLED TO COVERAGE UNDER THE EVANSTON POLICY FOR THE UNDERLYING ACTION BECAUSE IT IS NOT AN INSURED UNDER THE EVANSTON POLICY**

79.     Evanston repeats and re-alleges each of the preceding paragraphs numbered 1 through 45 as if set forth at length herein.

80.     Maestro is designated in the Declarations as the Named Insured on the Evanston Policy.

81.     Salamon's is not designated in the Declarations as the Named Insured on the Evanston Policy.

82.     Salamon's is not an executive officer, director or stockholder of Maestro.

83.     Salamon's does not qualify as an "insured" under the terms of the Blanket Additional Insured endorsement to the Evanston Policy because there is no valid written contract or agreement requiring that Maestro provide additional insured coverage to Salamon's.

84.     Salamon's does not otherwise meet the definition of an insured under the Evanston Policy.

85.     Evanston has no obligation to defend and/or indemnify Salamon's in the Underlying Action because it is not an insured under the Evanston Policy.

86.     There is a real, substantial, and justiciable issue in controversy between the parties hereto with respect to the availability of coverage under the Evanston Policy for the claims asserted in the Underlying Action.

87.     A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate at this time because Evanston has no other adequate remedy at law which will resolve the current controversy.

**WHEREFORE**, Plaintiff Evanston Insurance Company respectfully requests a declaration that:

A.     Salamon's is not an insured under the Evanston Policy; and

B.     Evanston has no obligation to defend and/or indemnify Salamon's in connection with the Underlying Action; and

C.     For such other relief as is just and equitable herein.

## COUNT FIVE

**REQUEST FOR DECLARATORY JUDGMENT THAT THE PROVISIONS OF THE BLANKET ADDITIONAL INSURED ENDORSEMENT PRECLUDE COVERAGE FOR SALAMON'S**

88.     Evanston repeats and re-alleges each of the preceding paragraphs numbered 1 through 45 as if set forth at length herein.

89.     The Blanket Additional Insured endorsement provides, among other things, that when coverage does not apply for the Named Insured, no coverage or defense will apply for the additional insured.

90.     Salamon's is not entitled to coverage as an additional insured under the Evanston Policy for the Underlying Action because Maestro is not entitled to coverage under the Evanston Policy for the Underlying Action.

91.     The Blanket Additional Insured endorsement also provides, *inter alia*, that no coverage applies to an additional insured for injury or damage of any type to any "employee" of the Named Insured or to any obligation of the additional insured to indemnify another because of damages arising out of such injury or damage.

92.     Salamon's is not entitled to coverage as an additional insured under the Evanston Policy for the Underlying Action because Patricio Najera Altamirano is an employee of Maestro, the Named Insured under the Evanston Policy.

93.     Evanston has no obligation to defend and/or indemnify Salamon's in the Underlying Action because of the foregoing provisions of the Blanket Additional Insured endorsement.

94.     There is a real, substantial, and justiciable issue in controversy between the parties hereto with respect to the availability of coverage under the Evanston Policy for the claims asserted in the Underlying Action.

95.     A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate at this time because Evanston has no other adequate remedy at law which will resolve the current controversy.

**WHEREFORE**, Plaintiff Evanston Insurance Company respectfully requests a declaration that:

A.     The Employers Liability and Bodily Injury to Contractors and Subcontractors Exclusion fully precludes coverage for the Underlying Action and Patricio Najera Altamirano's injuries;

B.     Evanston has no obligation to defend Maestro in the Underlying Action;

C.     Evanston has no obligation to indemnify Maestro in connection with the Underlying Action;

D.     Evanston has no obligation to defend or indemnify Maestro in connection with the Underlying Action; and

E.     For such other relief as is just and equitable herein.

## COUNT SIX

**ALTERNATIVE REQUEST FOR DECLARATORY JUDGMENT THAT THE EMPLOYER'S LIABILITY AND BODILY INJURY TO CONTRACTORS OR SUBCONTRACTORS EXCLUSION PRECLUDES COVERAGE TO SALAMON'S FOR THE UNDERLYING ACTION**

96.     Evanston repeats and re-alleges each of the preceding paragraphs numbered 1 through 45 as if set forth at length herein.

97.     At the time of the injury alleged by Patricio Najera Altamirano in the Underlying Action, Patricio Najera Altamirano was working for Maestro and performing labor for Maestro at the Premises at the time of the accident.

98.     At the time of the injury alleged by Patricio Najera Altamirano in the Underlying Action, Maestro was a contractor of Salamon's.

99.     At the time of the injury alleged by Patricio Najera Altamirano in the Underlying Action, Patricio Najera Altamirano was working for Maldonado and performing labor for Maldonado at the Premises at the time of the accident.

100.    At the time of the injury alleged by Patricio Najera Altamirano in the Underlying Action, Maldonado was a contractor, subcontractor or additional subcontractor of Salamon's.

101.    The Employer's Liability and Bodily Injury to Contractors or Subcontractors Exclusion contained in the Evanston Policy precludes coverage "'Bodily injury' to any **(1)** Contractor or subcontractor while working on behalf of any insured; **(2)** Employee, volunteer worker, leased worker or temporary worker of such contractor or subcontractor indicated in Paragraph **(1)** above; **(3)** Additional subcontractor, including the employees, volunteer workers, leased workers or temporary workers of such contractor or subcontractor indicated in Paragraph

**(1)** above; or **(4)** Any other person who performs labor in any capacity for or on behalf of any person indicated in Paragraph **(1), (2)** or  **(3)** above, with or without any form of compensation."

102.    The Employer's Liability and Bodily Injury to Contractors or Subcontractors Exclusion precludes coverage for the Underlying Action because Patricio Najera Altamirano was an employee of Maldonado at the time of the accident, and Maldonado was a subcontractor of Maestro and working on behalf of Maestro.

103.    At the time of the accident, Maestro was a contractor and/or subcontractor of Salamon's and working on behalf of Salamon's.

104.    The Employer's Liability and Bodily Injury to Contractors or Subcontractors Exclusion precludes coverage for the Underlying Action because Patricio Najera Altamirano was an employee of Maldonado at the time of the accident, and Maldonado was a contractor, subcontractor or additional subcontractor of Salamon's and working on behalf of Salamon's.

105.    The Employer's Liability and Bodily Injury to Contractors or Subcontractors Exclusion also precludes for the Underlying Action because at the time of the accident, Patricio Najera Altamirano, as an employee of a subcontractor working for Maestro, was performing work at the time of the accident on behalf of Maestro and Salamon's.

106.    Evanston is entitled to a declaration that even if Salamon's qualifies as an additional insured under the Policy, coverage is fully precluded for Salamon's based on the Employer's Liability and Bodily Injury to Contractors or Subcontractors Exclusion.

107.    As such, Evanston is entitled to a declaration that it has no obligation to defend Salamon's in connection with the Underlying Action based on the Employer's Liability and Bodily Injury to Contractors or Subcontractors Exclusion.

108.   Evanston is entitled to a declaration that it has no obligation to indemnify Salamon's in connection with the Underlying Action for Patricio Najera Altamirano's injuries.

109.   There is a real, substantial, and justiciable issue in controversy between the parties hereto with respect to the availability of coverage under the Evanston Policy for the claims asserted in the Underlying Action.

110.   A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate at this time because Evanston has no other adequate remedy at law which will resolve the current controversy.

**WHEREFORE**, Plaintiff Evanston Insurance Company respectfully requests a declaration that:

A.   The Employers Liability and Bodily Injury to Contractors and Subcontractors Exclusion fully precludes coverage for the Underlying Action and Patricio Najera Altamirano's injuries;

B.   Evanston has no obligation to defend Salamon's in the Underlying Action;

C.   Evanston has no obligation to indemnify Salamon's in connection with the Underlying Action;

D.   Evanston has no obligation to defend or indemnify Salamon's in connection with the Underlying Action; and

E.   For such other relief as is just and equitable herein.

<u>**COUNT SEVEN**</u>

**ALTERNATIVE REQUEST FOR DECLARATORY
JUDGMENT THAT THE CONTRACTOR LIMITATION
ENDORSEMENT APPLIES**

111.   Evanston repeats and re-alleges each of the preceding paragraphs numbered 1 through 45 as if set forth at length herein.

112.   At the time of the alleged accident in the Underlying Action, contractors and subcontractors working on behalf of Maestro and/or Salamon's provided construction and

renovation at the Premises. Prior to the commencement of the work performed by contractors and subcontractors working on behalf of Maestro and/or Salamon's, Maestro and/or Salamon's did not require, secure and maintain a certificate of insurance that confirms the contractors and subcontractors working on behalf of Maestro and/or Salamon's named Maestro and/or Salamon's as an additional insured on its commercial general liability policy.

113.    Additionally, Maestro and/or Salamon's failed to produce any contract requiring the contractors and subcontractors working on behalf of Maestro and/or Salamon's 1) carry Commercial General Liability coverage with limits that are equal to or greater than the required limits; and 2) that names Maestro and/or Salamon's as an additional insured on such coverage.

114.    Specifically, Maldonado was hired by Maestro and/or Salamon's to act as contractor and/or subcontractor on the Premises.

115.    Maestro and/or Salamon's did not comply with the conditions of the Contractor Limitation as they did not: require, secure and maintain a certificate of insurance that confirms that the contractor or subcontractor [*i.e.*, Maldonado]:

   a.    Carries Commercial General Liability coverage with limits that are equal to or greater than the limits shown in the Schedule above; and

   b.    Names you as an additional insured on such coverage.

116.    As such, Maestro and/or Salamon's failed to comply with the Contractor Limitation Endorsement in the Evanston Policy.

117.    Therefore, Evanston seeks a declaration that to the extent the Court determines coverage exists under the Evanston Policy for the Underlying Action, the Evanston Policy's per occurrence limit of $1,000,000 is reduced to $50,000 as set forth in the Contractor Limitation Endorsement.

Evanston also seeks a declaration that, once the $50,000 policy limit is exhausted by either defense, indemnity or other costs as specified in the Contractor Limitation Endorsement, Evanston has no further obligation to defend or indemnify Maestro and/or Salamon's in connection with the Underlying Action.

**WHEREFORE**, Evanston respectfully requests that this Court enter judgment in its favor as follows:

A.  For a declaratory judgment that in the event the Evanston Policy is determined to provide coverage for the Underlying Action for any insured, the $50,000 policy limit set forth in the Contractor Limitation Endorsement applies to the coverage sought by Maestro and/or Salamon's in connection with the Underlying Action;

B.  A judgment declaring once the $50,000 policy limit set forth in the Contractor Limitation Endorsement is exhausted, Evanston has no obligation to defend or indemnify Maestro and/or Salamon's, in connection with the Underlying Actions; and

C.  For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all such triable issues.

Dated:  September 15, 2022

By:  /s/ Matthew C. Ferlazzo
April T. Villaverde
Matthew C. Ferlazzo
Hinshaw & Culbertson LLP
343 Thornall Street, Suite 640
Edison, NJ 08837
Avillaverde@hinshawlaw.com
Mferlazzo@hinshawlaw.com
Office: (908) 374-0322
Fax: (908) 374-0345
*Attorneys for Plaintiff*
*Evanston Insurance Company*